```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

**Michael Ray Spurlock, Jr.,**    )
                                  )
    **Plaintiff,**                )
                                  )
**v.**                            )      **No. 12-2947**
                                  )
**Synthes (USA),**                )
                                  )
    **Defendant.**               )

## ORDER

Before the Court is the February 26, 2013 Motion to Dismiss filed by Defendant Synthes Sales, Inc. ("Synthes"), improperly sued as Synthes (USA). (Motion, ECF No. 5.) Pro se Plaintiff Michael Ray Spurlock, Jr. ("Spurlock") did not file a timely response. The Court referred Synthes' Motion to United States Magistrate Judge Tu M. Pham on March 25, 2013. (ECF No. 13.) The Magistrate Judge entered an Order to Show Cause on April 8, 2013, directing Spurlock to file a response to Synthes' Motion within twenty days. (Order, ECF No. 14.) Spurlock filed a response on April 26, 2013. (Notice, ECF No. 15.) Synthes replied on May 6, 2013. (Reply, ECF No. 16.) On July 22, 2013, the Magistrate Judge entered a Report and Recommendation ("Report") recommending that Synthes' Motion be granted. (Report, ECF No. 17.) On August 9, 2013, Spurlock filed a

Motion to Not Dismiss Case on Ground of Attached Paperwork, Clearly Showing Discrimination and a Hostile Work Environment ("Objection") in response to the Report. (Obj., ECF No. 18.) Synthes responded on August 9, 2013. (Resp. to Obj., ECF No. 19.) For the following reasons, the Court OVERRULES Spurlock's Objection and ADOPTS the Report of the Magistrate Judge. Synthes' Motion to Dismiss is GRANTED.

**I.  Background**

On October 31, 2012, Spurlock filed a pro se Complaint against Synthes, his employer, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, et seq. ("Title VII"). (Compl., ECF No. 1.)

Spurlock alleges that Synthes discharged him because, on June 29, 2011, he reported his supervisor to the human resources department for sexual harassment. (Report at 2, ECF No. 17.) The Magistrate Judge found that, following his termination, Spurlock timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Id.) Spurlock provided the following address to the EEOC: 211 Cornwall, Memphis, Tennessee 38138. (Id.) On July 26, 2012, the EEOC mailed a right-to-sue letter to Spurlock at the address he provided. (Dismissal and Notice of Rights, ECF No. 1-1.) The letter contained the following "notice of suit rights":

> This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.

(Id.) Spurlock filed this suit on October 31, 2012.

The Magistrate Judge concludes that Spurlock's suit is untimely. Spurlock does not specifically object to any aspect of the Magistrate Judge's Report. He addresses the merits of his claim instead. (Obj., ECF No. 18.)

**II. Jurisdiction**

Spurlock brings suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, et seq. The Court has federal question jurisdiction under 28 U.S.C § 1331.

**III. Standard of Review**

Congress intended 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). "'Only those specific objections to the magistrate's report . . . will be preserved

3

for [] review.'" Carson v. Hudson, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005)); see also Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

**IV. Analysis**

Spurlock's Objection to the Magistrate Judge's Report addresses the merits of his claims in three paragraphs. (Obj., ECF No. 18.) Spurlock has attached exhibits to his Objection to illustrate the merits of his claim. (Pictures, ECF No. 18-1; Text Messages, ECF No. 18-2.) He does not address any of the findings of fact or proposed conclusions of law in the Magistrate Judge's Report, which focuses on Spurlock's failure to file his Complaint within the appropriate limitation period. "Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general

4

objection." McCready v. Kamminga, 113 Fed. App'x 47, 49 (6th Cir. 2004). A general objection "is considered the equivalent of failing to object entirely." Id. (citing Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). Because Spurlock's Objection is a general objection, it is not well taken. Adopting the Report is consistent with the policies underlying § 636, specifically judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

### V. Conclusion

For the foregoing reasons, Spurlock's Objection is OVERRULED. The Magistrate Judge's Report is ADOPTED. Synthes' Motion to Dismiss is GRANTED. Spurlock's Complaint is DISMISSED.

So ordered this 3rd day of September, 2013.

                                            s/Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE